COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Annunziata and Senior Judge Duff
  Argued at Alexandria, Virginia

COURTNEY H. SHELTON

v.          Record No.  2183-94-4     MEMORANDUM OPINION[*] BY
                                      JUDGE CHARLES H. DUFF
COMMONWEALTH OF VIRGINIA                 DECEMBER 5, 1995


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        Donald M. Haddock, Judge

        Frank Salvato for appellant.

        Monica S. McElyea, Assistant Attorney General,
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


    Courtney H. Shelton appeals his convictions for possession

of cocaine with intent to distribute and for possession of a

firearm while possessing with intent to distribute cocaine.

Appellant contends (1) that the trial court erred in denying his

motion to suppress, which was based on the warrantless entry by

the police allegedly to secure the premises; and (2) that the

trial court erred by admitting his statements made in response to

police questioning before <u>Miranda</u> warnings were given.  For the

reasons that follow, we affirm appellant's convictions.

                                I.

    Appellant contends that the trial court erred in failing to

suppress evidence seized in violation of his Fourth Amendment

rights.  On appeal, the burden is on the appellant to show,

considering the evidence in the light most favorable to the

_____

        [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

Commonwealth, that the denial of the motion to suppress constituted reversible error.  See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980).  Viewed in this fashion, the evidence supports the finding that the police were justified in their decision to enter appellant's apartment to secure the premises.

In determining whether a warrantless entry to secure the premises is reasonable, the need to preserve evidence and protect police officers must be balanced against the person's privacy interest in his home.  Crosby v. Commonwealth, 6 Va. App. 193, 200, 367 S.E.2d 730, 735 (1988).  The balance is weighed in favor of entry when

> (1) police officers have probable cause to believe evidence is on the premises; (2) delaying entry would create a substantial risk that evidence will be lost or destroyed or the critical nature of the circumstances prevents the use of any warrant procedure; and (3) the police must not be responsible for creating their own exigencies.

Id. at 201, 367 S.E.2d at 735.  The circumstances must be examined as they reasonably appeared to the law enforcement officers at the scene when the decision to enter was made.  Verez v. Commonwealth, 230 Va. 405, 411, 337 S.E.2d 749, 753 (1985), cert. denied, 479 U.S. 813 (1986).  Once an entry has been justified, police may conduct a limited security check in areas where people could hide.  Crosby, 6 Va. App. at 202, 367 S.E.2d at 735.

We find that the police officers were justified in entering

−2−

the apartment to secure the premises. Shortly after an undercover officer contacted Eric Dillard, he produced a large amount of crack cocaine for sale. Dillard was arrested, and gave the police an address of 38 South Ingram Street. Because Dillard produced a large amount of drugs on short notice and had no paraphernalia on him when arrested, the police suspected that he had additional drugs, the tools of the trade, and an accomplice elsewhere. Based on this information, the police obtained a search warrant for Dillard's presumed address. However, Dillard did not live at this address.

As soon as the police learned Dillard's correct address, they sought a second warrant for that location. While waiting for the second warrant, the police were concerned that evidence could be destroyed. The sale had occurred in close proximity to Dillard's correct address, he had been arrested in public, and he would have access to a telephone after booking to contact accomplices. Dillard's family, knowing his apartment would soon be searched, could make phone calls to any accomplices. Before entering Dillard's apartment, the police heard music from inside the apartment, suggesting that someone was inside. Fearing that someone was inside the apartment, and knowing that Dillard had lied about his address, the police were concerned that Dillard sent them to the wrong location to allow time for an accomplice to destroy the evidence. The police reasonably believed, under the totality of the circumstances, that delaying entry would

-3-

create a substantial risk that evidence would be lost or destroyed. No evidence suggests that the police created their own exigencies.

Once inside Dillard's apartment, the officers did not exceed the scope of the limited security check. While looking in places where a person could hide, the officers discovered that appellant was on the premises. Although the officers could have seized the evidence in plain view, i.e., cocaine residue, a razor blade, and jeweler's bags, they waited until the warrant was brought to the scene before seizing these items.

We hold that the police reasonably believed that they needed to enter and secure the premises in order to prevent the destruction of evidence. Accordingly, we cannot say that the trial court erred in denying the motion to suppress.

## II.

Without deciding whether Shelton was in custody, we find that "interrogation" within the meaning of Miranda v. Arizona, 384 U.S. 436 (1966), did not occur and that the trial court did not err in admitting appellant's statements into evidence. "Interrogation" requires the police to use words or actions that they know are reasonably likely to elicit an incriminating response from the person. Rhode Island v. Innis, 446 U.S. 291, 301 (1980); Jenkins v. Commonwealth, 244 Va. 445, 453, 423 S.E.2d 360, 365 (1992), cert. denied, 113 S. Ct. 1862 (1993). Officer Mammarella was not questioning Shelton in an effort to

obtain incriminating evidence from him. She merely asked, "Who are you?" Shelton responded by volunteering the information that he lived there. The officer is not required to ignore volunteered information. "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by [Miranda]." Miranda, 384 U.S. at 478; Blain v. Commonwealth, 7 Va. App. 10, 15, 371 S.E.2d 838, 841 (1988).

For the foregoing reasons, we affirm the convictions.

Affirmed.